**[Cite as *State v. Zeitler*, 2026-Ohio-1843.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOSEPH L. ZEITLER

    Appellee

and

S.Z.

    Appellant

C.A. No.    31700

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2025-01-0182

DECISION AND JOURNAL ENTRY

Dated: May 20, 2026

CARR, Presiding Judge.

**{¶1}** Appellant-Victim, S.Z., appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** This matter arises out of a domestic violence incident wherein Joseph Zeitler was charged with physically assaulting his wife, S.Z. In connection with the incident, the Summit County Grand Jury returned an indictment charging Zeitler with one count of strangulation and one count of domestic violence. Zeitler pleaded not guilty to the charges at arraignment. S.Z.

filed the Ohio Victim Rights Form, asserting certain rights as a victim under the Ohio Constitution and the Ohio Revised Code.

{¶3} The matter was scheduled for trial on October 7, 2025. In addition to receiving notice of the trial date, S.Z. was subpoenaed as a witness and scheduled to testify on the second day of trial. On first day of trial, however, the State and Zeitler were able to reach a plea agreement. The matter proceeded directly to a plea hearing where Zeitler pleaded guilty to the charges in the indictment. Pursuant to the plea agreement, the trial court imposed a five-year term of community control. S.Z. was not present for the plea colloquy or the sentencing hearing. The trial court issued its sentencing entry on October 8, 2025. The sentencing entry specified that "[n]o restitution was requested."

{¶4} S.Z. filed a notice of appeal in her capacity as a victim and raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY PROCEEDING TO SENTENCING WITHOUT GIVING VICTIM-APPELLANT S.Z. THE OPPORTUNITY TO BE PRESENT, TO BE HEARD, AND TO REQUEST RESTITUTION, IN VIOLATION OF OHIO CONST., ART. I, § 10a(A)(3), (7), R.C. 2930.06, AND R.C. 2930.09.

{¶5} In her sole assignment of error, S.Z. argues that the trial court erred by proceeding to sentencing without allowing S.Z. to exercise her rights as a victim under the Ohio Constitution and the Ohio Revised Code. This Court agrees.

Background

{¶6} As noted above, S.Z. signed and filed a victim's rights form where she acknowledged her rights as a victim under the Ohio Constitution. S.Z. further asserted a number

of additional rights, including reasonable and timely notice of all public proceedings, as well as the right to confer with the prosecutor in the case.

{¶7} When the parties appeared for trial, the trial court asked the State if it wished to place its plea offer on the record. The State indicated that in exchange for Zeitler pleading guilty to the indictment, it would request a presentence investigation report and Zeitler would be free to argue about the sentence. Defense counsel noted the terms of a counteroffer where Zeitler would plead guilty to the indictment in exchange for an agreed sentence of probation. The State responded that if it agreed to probation, it would be a probationary period of five years. Defense counsel responded that Zeitler would agree to the terms of the "new offer." At the State's request, the trial court granted a brief recess.

{¶8} After the recess, the State noted that it had last conferred with S.Z. "at about 12:30 a.m." that morning, and that S.Z. was in favor of a five-year probationary term as long as there would be no contact with Zeitler during that time. The trial court asked if S.Z. had planned on being in the courtroom in the event that the parties reached a resolution. The State responded that S.Z. was not planning on being in court until the following day when she was scheduled to testify. The trial court then asked if S.Z. wanted to be present if the court proceeded to the plea hearing. The State responded, "I don't believe so. She was [going to make] a victim impact statement for the PSI, free to argue. We didn't discuss whether she wanted to still do that."

{¶9} At that point, the trial court conducted a plea colloquy and accepted Zeitler's guilty pleas on the two counts in the indictment. The trial court then noted that because the parties were in agreement that there was no need for a presentence investigation, it would be appropriate to proceed directly to sentencing. The trial court sentenced Zeitler to a five-year term of community control.

Discussion

{¶10}  On appeal, S.Z. argues that Zeitler's sentence should be vacated because the trial court violated several of her constitutional rights as a victim.  Specifically, S.Z. contends that the trial court failed to allow her to confer with the State prior to sentencing, failed to provide her with an opportunity to be heard at sentencing, and failed to allow her to request restitution.

{¶11}  In 2018, Marsy's Law was incorporated into the Bill of Rights set forth in the Ohio Constitution.  Ohio Const., art. I, § 10a(A)(3) secures the right of victims "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated[.]"  Ohio Const., art. I, § 10a(A)(7) provides for the right of victims "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim[.]"  Finally, Ohio Const., art. I, § 10a(A)(9) provides for the right, "upon request, to confer with the attorney for the government[.]"

{¶12}  Furthermore, R.C. 2930.09(A)(1) states, in pertinent part, that "[t]he victim, victim's representative, and victim's attorney, if applicable, have the right to be heard by the court at any proceeding in which any right of the victim is implicated."  R.C. 2930.06(A)(3) states that "the court shall inquire as to whether the victim or victim's representative, if applicable, requested to confer with the prosecutor, and whether or not the prosecutor conferred with the victim and the victim's representative, if applicable."  R.C. 2930.06(A)(3) further mandates that "the court shall not rule on any substantive issue that implicates a victim's right, accept a plea, or impose a sentence[]" under circumstances where the prosecutor has not conferred with the victim or the victim's representative as required.

{¶13}  In this case, a review of the record confirms that several of S.Z.'s rights as a victim were violated.  S.Z. was not scheduled to be in court on the day that the parties reached a plea

agreement. Despite receiving notice that S.Z. wished to give a victim impact statement during the presentence investigation, the trial court proceeded directly to sentencing without first allowing S.Z. to confer with the State. Consequently, S.Z. was denied an opportunity to be heard at the sentencing hearing, and to request restitution. The State has conceded error in this regard. Under these circumstances, Zeitler's sentence must be vacated, and the trial court should conduct a new sentencing hearing, thereby allowing S.Z. to exercise her rights as a victim.

{¶14} S.Z.'s assignment of error is sustained to the extent discussed above.

III.

{¶15} S.Z.'s assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LATINA BAILEY, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.

NOAH C. MUNYER and MARIE E. DICOLA, Attorneys at Law, for Appellee.